# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

| | |
|---|---|
| ROCKY BROWN, SARAH YOUNG, and STEPHENIE BROWN, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC; JANE and JOHN DOES 1-10,<br><br>               Defendants. | Case No.<br><br>**JURY DEMANDED**<br><br>Judge: |

## CLASS ACTION COMPLAINT

Plaintiffs Rocky Brown, Sarah Young, and Stephenie Brown ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their counsel, brings the following Complaint against Defendant Samsung Electronics America, Inc. ("Defendant" or "Samsung") and DOES 1-10.

## INTRODUCTION

1.    Samsung makes, markets, and sells household appliances, including slide-in electric ranges, which combine an oven and a stovetop into one product, with front-mounted control knobs. These ranges include dangerous latent defects in the design and/or the manufacturing of their front-mounted knobs that render the ranges susceptible to unintentional actuation (the "Defect"). The knobs on the ranges are

1

prone to, and do, rotate with minor, inadvertent contact by humans or pets. When the knobs are accidentally contacted, the ranges activate without warning and cause the heating of electric range cooktops, unbeknownst to consumers. This unintentional actuation of the ranges thus creates hazardous conditions, such as heating electric cooktops and extreme temperatures, and serious risk of fire, property damage, and personal injury.

2. Indeed, since 2013, Samsung has received over 300 reports of unintentional activation of the front-mounted control knobs by humans or pets.[1] Samsung's ranges have been involved in approximately 250 fires, at least 18 of which caused extensive property damage and 7 of which involved pet deaths.[2] Tragically, Plaintiffs' experience falls into these latter categories.

3. Aware of the Defect, on August 8, 2024, Samsung recalled the following models of ranges (the "Recalled Ranges")[3]:

---

[1] *Samsung Recalls Slide-In Electric Ranges Due to Fire Hazard*, United States Consumer Product Safety Commission (Aug. 8, 2024), https://www.cpsc.gov/Recalls/2024/Samsung-Recalls-Slide-In-Electric-Ranges-Due-to-Fire-Hazard ("Samsung Recall").
[2] *Id*.
[3] *Request Free Knob Locks or Covers for Recall of Slide-In Electric Ranges*, Samsung (Aug. 8, 2024), https://www.samsung.com/us/support/range-knob-kit/.

| Affected Models | | | | |
|---|---|---|---|---|
| NE58F9500SS/AA | NE58K9850WS/AA | NE58R9431ST/AA | NE63T8111SG/AA | NE63T8511ST/AA |
| NE58F9710WS/AA | NE58K9852WG/AA | NE63A8711QN/AA | NE63T8111SS/AA | NE63T8711SG/AA |
| NE58H9950WS/AA | NE58N9430SG/AA | NE63BB851112AA | NE63T8311SG/AA | NE63T8711SS/AA |
| NE58K9430SS/AA | NE58R9311SS/AA | NE63BB871112AA | NE63T8311SS/AA | NE63T8711ST/AA |
| NE58K9500SG/AA | NE58R9431SG/AA | NE63BG8315SSAA | NE63T8511SG/AA | NE63T8751SG/AA |
| NE58K9850WG/AA | NE58R9431SS/AA | NE63CB831512AA | NE63T8511SS/AA | NE63T8751SS/AA |

4.     According to Samsung's recall notice, approximately 1,120,905 units of the Recalled Ranges had been sold nationwide as of the August 8, 2024 recall date.[4]

5.     Plaintiffs and Class members suffered economic injury and severe emotional distress as a result of purchasing the Recalled Ranges. Defendant's sale of the Recalled Ranges (i) violated Tennessee Product Liability law; (ii) violated the Tennessee Consumer Protection Act; (iii) constituted breach of the implied warranty of merchantability; (iv) constituted breach of the implied warranty of fitness for a particular ; and (vi) constituted unjust enrichment.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C § 1332(d), as Plaintiffs (Tennessee) and Samsung (New

---

[4] Samsung Recall, *supra* note 1.

Jersey) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

8.     Venue is proper under 28 U.S.C. § 1391(a) because Plaintiffs were injured in and resides in this District. Venue is also proper under 28 U.S.C. § 1391(b) because Defendant conducts business in this district and a substantial part of the acts and omissions giving rise to this complaint occurred in this district.

## PARTIES

9.     Plaintiff Rocky Brown is and, at all times mentioned herein, was a natural person who is a citizen of the United States and who is domiciled in Sweetwater, Tennessee. On or about September 5, 2023, he purchased a Recalled Range with model number NE63T8511SG/AA and serial number 0HF07DCW600516D at Conn's HomePlus in Knoxville, Tennessee for $1,249.99. On or about September 16, 2024, the recalled range purchased by Mr. Brown was inadvertently actuated, likely by one of the family dogs. His entire home and all his possessions, including his dog, were destroyed in the resulting fire. Had Mr. Brown known about the Defect regarding the Recalled Ranges, he would not have purchased the Recalled Range at all or would have paid substantially less for it. Mr. Brown has lost money and has been damaged as a result.

10.     Plaintiff Sarah Young is and, at all times mentioned herein, was a natural person who is a citizen of the United States and who is domiciled in Sweetwater, Tennessee. Ms. Young has resided with Mr. Brown at all relevant times and also lost all of her possessions in the September 16, 2024 fire. The fire also took

4

the lives of her two dogs.

11.    Plaintiff Stephenie Brown is and, at all times mentioned herein, was a natural person who is a citizen of the United States and who is domiciled in Sweetwater, Tennessee. Ms. Brown has resided with Mr. Brown at all relevant times and also lost all of her possessions in the September 16, 2024 fire.

12.    Plaintiffs Mr. Brown, Ms. Young, and Ms. Brown are referred to collectively herein as "Plaintiffs."

13.    Defendant Samsung Electronics America, Inc. is a New York corporation with its principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Defendant advertises, markets, and operates in the State of Tennessee and throughout the United States.

14.    Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1-10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiffs as alleged herein. Plaintiffs will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## FACTUAL ALLEGATIONS

15.    On or about September 5, 2023, Mr. Brown purchased a Recalled Range with model number NE63T8511SG/AA and serial number 0HF07DCW600516D at

5

Conn's HomePlus in Knoxville, Tennessee for $1,249.99. Conn's HomePlus is no longer in business. At the time of his purchase, Mr. Brown was never informed of the Defect related to his range.

16.     Mr. Brown used, and at all times had used, this Recalled Range for normal household use in his one-story, manufactured home in which he resided with his girlfriend, Ms. Young, and his sister, Ms. Brown. He and the rest of his household frequently experienced the ease of turning the front-mounted control knobs on the Recalled Range. Several times, Mr. Brown had witnessed his range inadvertently activate by brushing against the front-mounted knobs.

17.     On the evening of September 16, 2024 at approximately 7:30 p.m., Mr. Brown's son, Mr. Austin Littleton, visited Plaintiffs' house at Mr. Brown's request. Mr. Brown asked Mr. Littleton to tend to the three dogs which belonged to Mr. Brown and Ms. Young by letting them out and placing the hamburger meat that was thawing on the range top into the refrigerator. Mr. Littleton complied with Mr. Brown's requests, and thereafter left the house at approximately 8:15 p.m.

18.     Upon returning home from work, Ms. Brown smelled smoke outside the residence. As she made her way to the front door, she saw smoke emanating from the eaves of the roof. Realizing that the house was on fire, she immediately called 911. Ms. Brown opened the doors of the house in an attempt to rescue the dogs, but her efforts were unsuccessful. All three of the dogs owned by Mr. Brown and Ms. Young tragically perished in the fire.

19.     All of Plaintiffs' possessions, including the mobile home itself, were

6

destroyed in the fire.

20.    True and correct copies of photographs of Plaintiffs' home taken after the fire are below.





21.    A true and correct photograph of the Recalled Range purchased by Mr. Brown taken after the fire is below.



22.     The North Monroe Volunteer Fire Department took approximately 20 minutes to respond to the fire. Additional neighboring fire departments responded and aided in fire suppression activities. Once the fire had been contained, Mr. Brown was permitted to enter the burned structure with the fire department members. They directed him to the kitchen and showed him where a front-mounted control knob on his Recalled Range, which controlled the large left front heating element, was positioned "on." There were combustible items stored on the range top including a box of sandwich bags positioned on the left front element.

23.     Mere days after this catastrophic fire, but *43 days* after the August 8, 2024 recall, Mr. Brown received a notice from Defendant advising him of the recall. The envelope was postmarked September 19, 2024, just *three days* after the fire. The recall notice invited consumers to contact Samsung to receive a free set of knob locks

8

compatible with their model of the Recalled Ranges. Defendant thus waited 43 days after the recall was issued to notify Mr. Brown of the "urgent" Defect. Had Defendant acted more promptly, Plaintiffs could have avoided the irreparable damage caused thereby.

24. As a result of their home, which was fully paid off, being completely destroyed in the fire, along with their beloved pets and all of their possessions, Plaintiffs were displaced and incurred rental and other expenses and will have to rebuild and refurnish their home from scratch.

25. Plaintiffs retained fire consultant Robert R. Everett, IAAI-CFI, CFPS with Rimkus to investigate the origin and cause of the September 16, 2024 fire. On January 23, 2025, Mr. Everett prepared a report detailing the findings from his November 15, 2024 and December 3, 2024 inspections of Plaintiffs' home and of the Recalled Range. The report concluded that the fire originated at the left-front burner of Mr. Brown's Recalled Range, that the activated front-mounted control knob on the Recalled Range provided sufficient heat to ignite combustibles stored on the cooktop, and that it was probable that Mr. Brown's son or one of his pet dogs inadvertently made contact with the control knob such that it turned "on" and caused the fire. Attached hereto as **Exhibit A** is a true and correct copy of the Rimkus report.

26. Mr. Brown's Recalled Range was collected by Rimkus for storage and future examination, if necessary.

27. Samsung sold its Recalled Ranges directly online and through third-party retailers nationwide, including but not limited to Best Buy, Costco, The Home

9

Depot, and Lowe's. From May 2013 through August 2024, the Recalled Ranges were sold for between $1,250 and $3,050, depending on the model.

28.    Consumers, like Mr. Brown, reasonably expect that controls on any kitchen range can only be activated by intentional and deliberate action. Similarly, reasonable consumers would not expect control knobs on a kitchen range to turn on through application of minimal, accidental contact.

29.    Samsung's Recalled Ranges, however, do not meet Mr. Brown's and other reasonable consumers' expectations. Instead, the Recalled Ranges have front-mounted control knobs that will actuate with the slightest contact by humans or pets, inadvertently activating the heating element on the ranges. On information and belief, Samsung has been aware of this Defect since it began selling the Recalled Ranges in 2013.[5]

30.    This Defect renders the Recalled Ranges unusable for their intended central purpose: safe cooking. Accidental actuation of the Recalled Ranges allows them to reach extreme temperatures, creating a serious fire hazard and risk of damage as demonstrated by Plaintiffs' own experience.

31.    The Recalled Ranges are inherently defective when they leave Samsung's warehouses. Samsung never informed purchasers about the Defect's existence at the point of sale. Consumers could not have reasonably known about the Defect at the point of sale and could not have discovered the Defect with a reasonable investigation at the time of purchase because consumers would have no way of

---

[5] *Id.*

knowing that the design and/or the manufacturing processes related to the Recalled Ranges rendered them unsafe for normal and expected use.

32.     Despite having knowledge of the Defect and issuing a recall notice, Samsung has, to date, not refunded Plaintiffs and Class members any portion of the money they paid when they purchased the Recalled Ranges. Plaintiffs and Class members would not have purchased the Recalled Ranges or would have paid substantially less for them had they known about their true defective nature.

## CLASS ACTION ALLEGATIONS

33.     Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other similarly situated individuals (the "Class"), defined as follows:

> Nationwide class: All persons who purchased the Recalled Ranges in the United States for personal, family, or household use and not for resale during the time period of four years prior to the filing of the complaint through August 8, 2024 (the "Class Period").

> Tennessee class: All persons who purchased the Recalled Ranges in the State of Tennessee for personal, family, or household use and not for resale during the time period of four years prior to the filing of the complaint through August 8, 2024 (the "Class Period").

34.     Excluded from the Class are Defendant, as well as its officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

35.     Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his

11

motion for class certification, or at any other time, based upon, among other things, changing circumstances and/or new facts obtained during discovery.

36. The Class members are so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe that the proposed Class contains tens of thousands of individuals who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiffs.

37. Each member of the proposed Class herein has been exposed to Defendant's misconduct. Each Recalled Range that each Class Member purchased from Defendant throughout the Class Period was defective, unbeknownst to them at the time of purchase.

38. **Common questions of law and fact predominate.** Common questions of law and/or fact exist in this case with respect to the proposed Class, which predominate over any questions affecting individual members of the Class. The common questions of law and/or fact include, but are not limited to, the following:

1. Whether Defendant's Recalled Ranges are defective;

2. Whether Defendant's Recalled Ranges create an unreasonable safety risk;

3. Whether Defendant failed to disclose materials facts about the Defect in its Recalled Ranges;

4. When Defendant learned of such material facts;

5. Whether Defendant had a duty to disclose that the Recalled Ranges suffer from the Defect;

12

6. Whether Defendant breached its duty to disclose that the Recalled Ranges suffer from the Defect;

7. Whether Defendant intentionally and knowingly falsely misrepresented, concealed, suppressed, and/or omitted material facts including the fact that the Recalled Ranges suffered from the Defect;

8. Whether Defendant negligently and falsely misrepresented or omitted material facts including that the Recalled Ranges suffered from the Defect;

9. Whether Defendant made material misrepresentations and/or omissions concerning the standard, quality, or grade of the Recalled Ranges and the Defect;

10. Whether Defendant's conduct constitutes breach of the implied warranty of merchantability;

11. Whether Defendant's conduct constitutes breach of the implied warranty of fitness;

12. Whether Defendant was unjustly enriched by its unlawful conduct at the expense of Plaintiff and the Class;

13. Whether Plaintiffs and the Class paid more money for the Recalled Ranges than they actually received;

14. Whether Plaintiffs and members of the Class would have paid less for the Recalled Ranges if Defendant had disclosed at the time of

13

purchase that the Recalled Ranges suffered from the Defect;

15. How much more money Plaintiffs and the Class paid for the Recalled Ranges than the value they actually received;

16. Whether Defendant is liable to Plaintiffs and the Class for breaching their implied warranties;

17. Whether Defendant has been unjustly enriched; and

18. Whether Plaintiffs and the Class are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

39.     **Typicality**. Plaintiffs' claims are typical of the claims of the Class members because Plaintiffs, like all Class members, paid for Recalled Ranges designed, manufactured, and distributed by Defendant. Plaintiffs, like all Class members, were deceived by Defendant's misconduct, as alleged herein, in a typical consumer setting and sustained damages from Defendant's wrongful conduct.

40.     **Adequacy of Representation.** Plaintiffs will adequately protect the interests of the Class and have retained counsel who are experienced in litigating complex class actions. Plaintiffs have no interests that conflict with those of the Class. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The requirements of Fed. R. Civ. P. 23(b)(3) are met as common issues predominate over any individual issues, and treatment of this matter as a class action is superior to numerous individual actions. The litigation of separate actions by Class members would create a risk of establishing inconsistent

14

rulings for Defendant. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

## FIRST CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability
### (T.C.A. § 47-2-314)

41.     Plaintiffs incorporate and reallege each preceding paragraph as though fully set forth herein.

42.     Plaintiffs bring this count individually and for the Class.

43.     Plaintiffs and the other members of the Class purchased the Recalled Ranges from Defendant by and through their authorized agents for retail sales, or were otherwise expected to be the eventual purchasers of the Recalled Ranges when bought from a third party. At all relevant times, Defendant was the manufacturer, distributor, warrantor, and/or seller of Recalled Ranges. Defendant knew or had reason to know of the specific use for which the Recalled Ranges were purchased or leased.

44.     Defendant is and at all relevant times has been a "merchant" with respect to stoves under T.C.A. §§ 47-2-104(1) and "sellers" of stoves under T.C.A. § 47-2-103(1)(d).

45.     The Recalled Ranges are and were at all relevant times goods within the meaning of T.C.A. §47-2-314.

46.     Defendant impliedly warranted that the Recalled Ranges were in merchantable condition and fit for the ordinary purpose for which stoves are used.

15

47. The Recalled Ranges, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose of providing safe and reliable transportation. The Recalled Ranges contain the Defect and present an undisclosed safety risk to drivers and occupants. Defendant breached its implied warranty of merchantability.

48. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiffs and the other members of the Class have been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Breach of Implied Warranty of Fitness
### (T.C.A. § 47-2-315)

49. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

50. At the time of Plaintiffs' and Class members' purchase of the Recalled Ranges, Defendant knew or had reason to know Plaintiffs and Class members intended to use the product for a particular purpose, safe cooking.

51. At the time of Plaintiffs' and Class members' purchase of the Recalled Ranges, Defendant knew or had reason to know Plaintiffs and Class members were relying on its skill and judgment to furnish a product that was suitable for a particular purpose.

52. Plaintiffs and Class members justifiably relied on Defendant's skill and judgment.

53. By placing its Recalled Ranges in the stream of commerce, Defendant

16

impliedly warranted the Recalled Ranges were reasonably fit for their particular purpose.

54. Defendant's Recalled Ranges are not fit for their particular purpose. Contrary to the implied warranty of fitness for a particular purpose, Defendant's Recalled Ranges contain a Defect that render them fundamentally unsafe, which Defendant knew or should have known about, and, therefore, Defendant breached its implied warranty about the Recalled Ranges.

55. Defendant's Recalled Ranges were not reasonably fit for their intended particular purpose when they left Samsung's control and entered the market. The Defect in the Recalled Ranges was not open or obvious to consumers.

56. As a direct and proximate result of Defendant's breach of the implied warranty of fitness for a particular purpose, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### Fraudulent Concealment of the Defect

57. Plaintiffs incorporate and reallege each of the preceding paragraphs as though fully set forth herein.

58. Plaintiffs bring this claim individually and for the Class.

59. Plaintiffs are consumers of the Recalled Ranges, and were not engaged in a commercial activity when they bought or leased the Recalled Ranges.

60. Defendant knew, or should have known, at the time the Recalled Ranges were manufactured that each one contained the Defect.

17

61.     In the alternative, Defendant knew, or should have known, post-manufacture that Recalled Ranges each contained the Defect.

62.     Neither Plaintiffs nor the Class knew, and they could not have discovered by the exercise of reasonable diligence, that the Recalled Ranges contained the Defect.

63.     That the Recalled Ranges contained the Defect was a material fact, and Defendant's failure to disclose it rendered the Recalled Ranges unreasonably dangerous.

64.     Defendant's failure was the direct and proximate cause of ascertainable damages suffered by Plaintiffs and the Class.

65.     The possibility of inadvertent activation, overheating, and fire hazard, is a material fact of which, upon information and belief, Defendant had knowledge and failed to disclose despite a duty to do so.

66.     Defendant's knowledge of the Defect gave rise to a duty to warn customers of the Defect and of the dangers of operating the Recalled Range.

67.     Upon information and belief, Defendant intentionally failed to inform its customers of the Defect, or the risks associated with the Defect, even though it had knowledge of the Defect and the risks.

68.     Plaintiffs and the Class Members justifiably relied on Defendant to communicate the existence of the Defect and, but for Defendant's failure to communicate the defect, Plaintiffs and the Class would not have bought the Recalled Ranges or would have paid a materially lower amount of money in the purchase.

18

69.     Upon information and belief, Defendant intentionally and knowingly falsely concealed, suppressed, and/or omitted material facts including the standard, quality, or grade of the Recalled Range and the fact that they were – and remain – defective, thereby exposing owners to safety risks with the intent that Plaintiffs and the Class rely on Defendant's omissions.  Upon information and belief Defendant failed to disclose the Defect to improperly retain certain benefits for itself – including saving the time, money, negative publicity, and decreased sales associated with rectifying the problem.

70.     As a result of Defendant's failure to disclose to Plaintiffs and Class Members the material fact that the Recalled Ranges were defective, owners incurred unanticipated damage, inconvenience, and expense in order to address the Defect.

71.     The fact that the Recalled Ranges are defective is material because no reasonable consumer expects that they will experience a stove catching fire.

72.     The fact that the Recalled Ranges are defective is material because it presents a safety risk and places the owner and other occupants of the home at risk of serious injury or death.  Because of the Defect, Recalled Ranges may suddenly overheat and catch fire, placing owners and other occupants of the home at risk for injury and damage caused by the Defect.

73.     Upon information and belief, Defendant knew it would sell more Recalled Ranges, for higher prices, if it concealed the true nature of the Defect from its customers. Had Plaintiffs and the Class known the truth about the Recalled Ranges, they would not have chosen to buy them.

74.     As a direct and proximate result of Defendant's fraudulent conduct, Plaintiffs and members of the Classes have suffered actual damages.

## FIFTH CAUSE OF ACTION
### Negligent Misrepresentation

75.     Plaintiffs incorporate and reallege the foregoing and subsequent allegations as if set forth fully herein.

76.     Plaintiffs bring this claim individually and for the Class.

77.     Plaintiffs are consumers of the Recalled Ranges, and were not engaged in a commercial activity when they bought or leased the Recalled Ranges.

78.     Defendant negligently misrepresented and/or omitted material facts regarding the condition of the Recalled Ranges.

79.     Due to its role and expertise as the sole employer of the engineers and other professionals who designed, developed, and manufactured the Recalled Range, Defendant possessed unique or specialized knowledge about the safety and reliability of the Recalled Ranges, and about the adequacy and likelihood of maintenance and repair that the Recalled Ranges may require.  Defendant also holds itself out to the public as having expertise regarding the development and manufacture of stoves such as the Recalled Range, and knowingly induces the public to rely on its performance of that function.  As a result, Defendant had a special relationship of confidence and trust with respect to customers like Plaintiffs and other Class Members, and owed them the duty to speak with care and provide honest and accurate information so that they could make informed decisions regarding the purchase or lease of automobiles.

20

80.     Defendant misrepresented and/or omitted material facts to Plaintiffs and the other Class Members, as set forth in detail herein, including but not limited to representations that the Recalled Ranges had no significant defects and would perform and operate properly.

81.     Upon information and belief, Defendant knew, or in the exercise of reasonable diligence should have known, that the ordinary consumer would be misled by these misrepresentations and/or omissions. Had Plaintiffs and the Class known the truth about the Recalled Range's Defect – the risks it posed to their safety or the fitness of the Recalled Ranges for ordinary use – they would not have chosen to purchase a Recalled Range.

82.     Plaintiffs and the other Class Members justifiably relied on Defendant's misrepresentations and/or omissions and have been damaged.

## SIXTH CAUSE OF ACTION
### Fraudulent Misrepresentation

83.     Plaintiffs incorporate and reallege each of the preceding paragraphs as though fully set forth herein.

84.     Plaintiffs bring this claim individually and for the class.

85.     Plaintiffs are consumers of the Recalled Ranges, and were not engaged in a commercial activity when they bought or leased the Recalled Ranges.

86.     Defendant knew, or should have known, at the time the Recalled Ranges were manufactured that each one contained the Defect.

87.     In the alternative, Defendant knew, or should have known, post-manufacture that Recalled Ranges each contained the Defect.

21

88. Defendant misrepresented to Plaintiffs and members of the Classes that the Recalled Range had no significant defects and would perform and operate properly – despite knowing that the Defect prevents Recalled Ranges from operating as such. Alternatively, Defendant omitted information regarding defects and proper performance and operation.

89. The Recalled Ranges purchased by Plaintiffs and members of the Class were, in fact, defective, unsafe, and unreliable due to the poor design and/or manufacture.

90. Upon information and belief, Defendant knew its representations and/or omissions were not true at the time it made them.

91. Defendant has, in fact, known that its representations and/or omissions regarding the Recalled Range were false.

92. Upon information and belief, Defendant made these knowingly false statements with the intent that Plaintiffs and the Class rely on them – and Plaintiffs and the Class did in fact rely on them, and such reliance was reasonable. Plaintiffs and the Class Members trusted Defendant to provide a quality product and services; and instead, Defendant fraudulently misrepresented the nature and quality of the Recalled Ranges and Defendant's support.

93. The possibility of inadvertent activation, overheating, and fire hazard, is a material fact of which, upon information and belief, Defendant had knowledge and failed to disclose despite a duty to do so.

22

94. Defendant's knowledge of the Defect gave rise to a duty to warn customers of the Defect and of the dangers of operating the Recalled Range.

95. Plaintiffs and the Class Members justifiably relied on Defendant's misrepresentations regarding Defendant's ability to complete necessary repairs to the Recalled Range.

96. Had Plaintiffs and the Class known the truth about the Recalled Range's Defect and the risks it posed to their safety or the fitness of the Recalled Ranges for ordinary use, they would not have chosen to purchase a Recalled Range.

97. But for Defendant's misrepresentations and/or omissions, Plaintiffs and members of the Classes would not have purchased the Recalled Range or would have paid considerably less to do so. Plaintiffs and members of the Classes were fraudulently induced to purchase the Recalled Range and have been harmed as a result.

**SIXTH CAUSE OF ACTION**
**Unjust Enrichment**

98. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

99. By purchasing the Recalled Ranges as described in this Complaint, Plaintiffs and the Class conferred a monetary benefit on Defendant.

100. As described in this Complaint, upon information and belief Defendant had knowledge of such benefit, and Defendant appreciated the benefit because, were consumers not to purchase the Recalled Ranges, Defendant would not generate revenue from the sales of the Recalled Ranges.

23

101. Defendant's knowing acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent, misleading, and deceptive omissions, as described in this Complaint.

102. As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the Class were harmed and are entitled to restitution or restitutionary disgorgement, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### Tennessee Consumer Protection Act
### (T.C.A. § 47-18-101 *et seq.*)

103. Plaintiffs incorporate and reallege each of the preceding paragraphs as though fully set forth herein.

104. Plaintiff Rocky Brown brings this claim individually.

105. Plaintiff is a "natural person" and "consumer" within the meaning of T.C.A. § 47-18-103(2).

106. Defendant is engaged in "trade" or "commerce" or "consumer transactions" within the meaning of T.C.A. § 47-18-103(9).

107. The Tennessee Consumer Protection Act ("TCPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." T.C.A. § 47-18-104. Plaintiff alleges both misrepresentations and omissions, as set forth above.

108. In conducting trade and commerce with Plaintiff, Defendant has violated the Tennessee TCPA. This includes, without limitation, engaging in unfair or deceptive acts or practices by: representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities;

24

representing that goods or services are of a particular standard, quality or grade; advertising goods or services with intent not to supply; failing to comply with the terms of any written guarantee or warranty; and engaging in fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

109. Defendant's unfair and deceptive acts and practices include misrepresenting or concealing material facts concerning the nature of the Recalled Range.

110. Defendant had an ongoing duty to Plaintiff to refrain from unfair and deceptive practices under the Tennessee TCPA in the course of its business. Specifically, Defendant owed Plaintiff a duty to disclose all the material facts concerning the Recalled Range because it possessed exclusive knowledge, intentionally concealed it from Plaintiff, and it made misrepresentations and/or omissions that were rendered misleading because they contradicted by the withheld facts.

111. But for Defendant's unfair and deceptive acts, Plaintiff would not have purchased or leased the Recalled Range or would have paid less to do so.

112. Because of Defendant's unfair and deceptive acts, Plaintiff has been unable to receive a material benefit from Plaintiff's trade and commerce with Defendant.

113. Defendant's violations of the Act present a continuing risk and detriment to Plaintiff, and members of the public at large. Defendant's unlawful acts and practices harm the public interest.

114. Plaintiff has been harmed by Defendant's violations of the Act and no adequate remedy has yet been provided.

115. For Defendant's violations of the Act, Plaintiff seeks damages; exemplary damages; an order enjoining Defendant's unfair, unlawful, deceptive, and unconscionable acts and practices; attorney fees, costs, restitution, disgorgement of funds, and any other just and appropriate relief available under the Act. This includes seeking an order enjoining Defendant's improper practices.

**EIGHTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

116. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

117. Each Plaintiff brings this claim individually.

118. Defendant's conduct was outrageous.

119. Defendant acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that Plaintiffs were present when the conduct occurred.

120. Plaintiffs suffered severe emotional distress.

121. Defendant's conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

**NINTH CAUSE OF ACTION**
**Strict Products Liability: Manufacturing Defect**

122. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

26

123.    Defendant at all times herein mentioned was engaged in the business of selling, manufacturing, compounding, designing, testing, engineering, marketing, modifying, assembling, inspecting, distributing, and controlling the Recalled Ranges and other similar products.

124.    As alleged above, the Recalled Ranges were defective at the time of their sale, manufacture, compounding, design, production, distribution testing, inspection, endorsement, promotion and/or advertisement, and were otherwise not of merchantable quality, and unsafe for their intended purposes and uses as described above. The Recalled Ranges differed from the design and/or specifications, of other typical units of the same product.

125.    As alleged above, the Recalled Ranges were defective at the time of their sale, manufacture, compounding, design, production, distribution testing, inspection, endorsement, promotion and/or advertisement, and was otherwise not of merchantable quality, and unsafe for its intended purposes arid uses as described above. The Recalled Ranges differed from the design and/or specifications, of other typical units of the same product.

126.    The Recalled Ranges caused the same injuries and harm sustained by Plaintiffs. The defect in the Recalled Ranges was a substantial factor in causing the harm to Plaintiffs.

## TENTH CAUSE OF ACTION
### Strict Products Liability: Design Defect

127.    Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

128. Defendant at all times herein mentioned was engaged in the business of selling, manufacturing, compounding, designing, testing, engineering, marketing, modifying, assembling, inspecting, distributing, and controlling the Recalled Ranges and other similar products.

129. The Recalled Ranges did not perform as safely as an ordinary consumer would have expected them to perform when used or misused in an intended or reasonably foreseeable way.

130. The Recalled Ranges caused the injuries and harm sustained by Plaintiffs. The defect in the Recalled Ranges was a substantial factor in causing the harm to Plaintiffs.

131. The design of the Recalled Ranges was a substantial factor in causing the harm to Plaintiffs.

132. The benefits of the design of the Recalled Ranges do not outweigh the risks of the design.

## ELEVENTH CAUSE OF ACTION
### Strict Products Liability: Failure to Warn

133. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

134. Defendant at all times herein mentioned was engaged in the business of selling, manufacturing, compounding, designing, testing, engineering, marketing, modifying, assembling, inspecting, distributing, and controlling the Recalled Ranges and other similar products.

135. The Recalled Ranges had potential risks and/or side effects that were

28

known and/or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of the manufacture, distribution, and/or sale of the Recalled Ranges.

136. The potential risks and/or side effects presented a substantial danger when the Recalled Ranges are used or misused in an intended or reasonably foreseeable way.

137. Ordinary consumers would not have recognized the potential risks and/or side effects.

138. Defendant failed to adequately warn or instruct of the potential risks and/or side effects.

139. Plaintiffs were harmed. The lack of sufficient instructions and/or warnings was a substantial factor in causing the injuries and harm that Plaintiffs sustained.

## TWELFTH CAUSE OF ACTION
### Negligence

140. Plaintiffs repeat and re-allege the allegations contained in every preceding paragraph as if fully set forth herein.

141. At all relevant times, Defendant had a duty to exercise reasonable care to prevent harm to Plaintiffs. Defendant failed to perform in the manner to which a reasonably careful person in the same situation would have done.

142. Defendant breached its duty by negligently, carelessly, and/or recklessly designing, manufacturing, compounding, assembling, testing, engineering, marketing, inspecting, distributing, supplying, and/or selling the Recalled Ranges.

29

Defendant further failed to warn of the dangers associated with using the Recalled Ranges.

143. As a result of Defendant's negligence, Plaintiffs were harmed.

144. The negligence of Defendant was a substantial factor in causing Plaintiffs' harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for judgment against Defendant as follows:

(a) An order certifying this action as a class action, appointing Plaintiffs as the Class representatives, and designating the undersigned as Class counsel;

(b) A declaration that Defendant is financially responsible for notifying Class members of the pendency of this suit;

(c) A judgment awarding Plaintiffs and all Class members restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the Class as a result of the unlawful, unfair and/or fraudulent business practices described herein;

(d) A judgment awarding Plaintiffs and the Class damages under common law and/or by statute, and punitive damages;

(e) Compensatory damages for Plaintiffs, according to proof;

(f) General damages for Plaintiffs, according to proof;

30

(g)     Actual loss of earnings for Plaintiffs, according to proof;

(h)     Punitive damages in an amount sufficient to punish Defendant and deter future similar wrongdoing;

(i)     A judgment awarding Plaintiffs and Class members their costs of suit, including reasonable attorneys' fees as permitted by statute or law, and pre- and post-judgment interest; and

(j)     Granting such other and further relief as this Court may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs hereby demand a trial by jury for all claims so triable.

Dated: May 9, 2025

Respectfully submitted,

By: */s/ Benjamin A. Gastel*
Benjamin A. Gastel (BPR #28699)
**Herzfeld, Suetholz, Gastel, Leniski
& Wall, PLLC**
1920 Adelicia St., Ste 300
Nashville, TN 37212
Ph: (615) 800-6225
Fax: (615) 994-8625
ben@hsglawgroup.com

Alyson S. Beridon (BPR #40040)
(*Pro Hac Vice* forthcoming)
**Herzfeld, Suetholz, Gastel, Leniski
& Wall, PLLC**
600 Vine St., Ste 2720
Cincinnati, OH 45202
Ph: (513) 381-2224
Fax: (615) 994-8625
alyson@hsglawgroup.com

Helen I. Zeldes
(*Pro Hac Vice* forthcoming)
Amy C. Johnsgard
(*Pro Hac Vice* forthcoming)
**Schonbrun Seplow Harris Hoffman &
Zeldes, LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 400-4990
Fax: (310) 399-7040
hzeldes@sshhzlaw.com
ajohnsgard@sshhzlaw.com

*Attorneys for Plaintiffs and Proposed Class*